JOHN VARDEMAN v. W. M. ROSS AND ANOTHER.

An administrator *de bonis non* with will annexed derives his powers from the law and not from the will, and is not authorized to execute trusts charged by the will upon the executor named therein. (Tippett *v.* Mize, 30 Texas, 361.) Therefore, a testatrix, having appointed an executor of her will, which bequeathed legacies to minors, and directed that the legacies be put at interest during the infancy of the legatees, and the

executor having resigned without executing the will in this respect, whereupon an administrator *de bonis non,* with the will annexed, was appointed, and he loaned out the legacies on personal security and without the authority of the probate court—it is *held* that the sureties of the administrator are liable for the fund, with interest at eight per cent. per annum since it came to the hands of the administrator. It is of no avail to the sureties that the administrator acted in good faith, and that he loaned the fund on personal security which was amply good at the time, but which had become worthless in consequence of the abolition of slavery, etc.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The defense was in substance that the administrator *de bonis non* acted in good faith; that the personal security which he took was amply good at the time; but that, by reason of the war, emancipation, etc., it had since become worthless; that the administrator had tendered to the plaintiff the note he had taken for the loan. All this was admitted to be true. A jury being waived, the court below rendered judgment for the defendants, and the plaintiff appeals.

The opinion and head-note indicate all other facts of any significance.

*N. G. Bagley* for the appellant.

*James H. Jones,* for the appellees, argued that the administrator with the will annexed became a trustee to hold and manage the estate for all legal purposes; and cited Fisk *v.* Norvell, 9 Texas, 16, in support of this position. He insisted that the administrator having acted in good faith and with care and prudence, and having always tendered to plaintiff the securities he had taken, he had done everything required either by the law or by equity, citing Article 1329, Paschal's Digest. And as to the case of Tippett *v.* Mize, 30 Texas, 16, he contended that it was inapplicable, because it turned on a power to sell property, which is specially limited by the statute.

WALKER, J.   This is an action on the official bond of James
R. Armstrong, and his securities, to recover the amount of a
legacy devised by the will of Rachel Vardeman.   Armstrong
was the administrator *de bonis non*, with the will annexed; the
money came into his hands, and he loaned it at interest on per-
sonal security.   The securities have failed.   The only question
for our determination is—did Armstrong comply with the law
in loaning the money without taking real estate securities?

It is claimed that, by the terms of the will of Mrs. Vardeman,
Armstrong, if acting under the will, was not bound to require
any other securities for the money than those which he took.
Mrs. Vardeman nominated Irving Lawson to execute her will,
and also appointed him testamentary guardian of the legatees;
and it would seem that Armstrong, acting as the administrator
*de bonis non*, may have considered that the special trusts pro-
vided in the will had devolved on him.   In this, however, he
was mistaken.   He derived his power as administrator from
the law, and not from the will, and had no power to act as tes-
tamentary guardian of the minor legatee.   He should have been
directed by the probate court.   (See Tippett *v.* Mize, 30 Texas,
361.)   The law regulating the duty of guardians is found in
Article 3906, Paschal's Digest.

The facts were all agreed to in this case, and submitted to
the court without a jury, and we think the judgment was erro-
neous, and must be reversed; and the plaintiff in error is enti-
tled to a judgment for the amount of the legacy, and interest
thereon at the rate of eight per cent. per annum, to be com-
puted from the time the money is shown to have come into
the hands of the administrator *de bonis non*.

Reversed and rendered.