·MICHAEL v. LONGMAN.

1. **Practice: REPORT OF REFEREE.** Where the parties agreed to a reference, with the stipulation that either should have thirty days after the report should be made to file exceptions thereto, and the referee reported in vacation without consent of parties: *Held*, that in a legal sense the report did not come into court until the first day of the following term, and that a motion to set aside the report could then be made.

*Appeal from Harrison Circuit Court.*

FRIDAY, MARCH 24.

THE plaintiff, as guardian for Nancy Richardson and James R. Richardson, Jr., commenced an action against A. Longman, as administrator of Thomas Richardson, deceased, for money

and property received by Thomas Richardson in his lifetime as guardian of the said Nancy and James R. Richardson and not accounted for. On the 30th day of October, 1873, the cause was referred to E. Brannan. On the 2d day of April, 1874, the referee proceeded to take evidence and hear the case, when the parties, by their attorneys, agreed in writing that either party should have thirty days after the coming in of the referee's report to file exceptions thereto. On the 27th day of April, 1874, the cause was continued for the report of the referee. On the 15th day of July, 1874, in vacation, the referee filed his report in the office of the clerk of the court. On the same day plaintiffs filed with the clerk of the Circuit Court a motion to confirm the referee's report.

On the morning of the first day of the next October term, 1874, the defendant filed a motion to set aside the report and grant a new hearing. The plaintiff filed a motion to strike this motion of defendant from the files, for the reasons:

1. The same is not filed in time, as provided by law.

2. The same is not filed in pursuance of or as provided by an agreement entered into and filed by the attorneys in said case, but in violation of said agreement.

The court sustained this motion. Defendant appeals.

*L. R. Bolter* and *Mickel & Shoemaker*, for appellant.

*J. V. Evans* and *Hart, Cadwell & Davis*, for appellee.

DAY, J.—The court erred in sustaining the motion to strike from the files the motion to set aside the referee's report. Appellee refers to and relies upon section 2823 of the Code. This section refers to the bill of exceptions signed by the referee during the trial for the purpose of presenting questions not otherwise apparent of record. See *Edwards & Beardsly v. Cottrell & Babcock*, at the present term. It has no reference to the exceptions to the report of the referee referred to in section 2821, which must be made to the court and may be embodied in a motion to set the report aside. On the 27th day of April, 1874, the cause was continued, not to any particular day or time but generally, which is a continu-

ance to the next term. There was no agreement that the report should be filed in vacation. The parties agreed that either party should have thirty days from the coming in of the report to file exceptions. The report did not, in a legal sense, come in when it was filed in vacation without agreement, but when court convened and the report was placed in a position to be presented to the court and acted upon. The motion to set it aside was filed in time, both under the law and under the agreement. The case of *Roberts v. Cass*, 27 Iowa, 225, relied on by appellee, is not in point. In that case it was agreed that judgment upon the report should be entered as of the term at which the order of reference was made. This implied an agreement to file the report in vacation.

The judgment must be

REVERSED.