Hodgin v. Toler et al.

AFFIRMED.

## HODGIN v. TOLER ET AL.

1. **Practice:** APPEAL: EQUITY CASE: EXCEPTIONS. Section 2831 of the Code, which provides that in equitable actions, tried as such, no bill of exceptions shall be necessary, refers to trials anew in this court; but where a party stands on the ruling on a motion or demurrer, and appeals therefrom, he should except to the ruling and assign errors. *(Powers v. O'Brien Co.*, 54 Iowa, 501, followed.)

2. ———: REFERENCE: EXCEPTIONS: WHEN TAKEN. It is not essential that exceptions to the findings of fact or conclusions of law of a referee be taken before the report is signed, as they may be taken by motion filed in court. (*Edwards v. Cottrell*, 43 Iowa, 194, and *Washington Co. v. Jones*, 45 Id., 260, followed.)

3. **Practice on Appeal:** REVIEW OF REFEREE'S REPORT: EXCEPTIONS NOT NECESSARY. Where a party in an equity case appeals from the judgment of the court upon the confirmation of the report of a referee, which contains the findings of fact and conclusions of law on which the judgment is based, it is not necessary that he should have excepted to the findings and conclusions of the referee, or to the overruling of a motion to set aside the report, or to the judgment, in order to secure in this court a review of the conclusions of law which were adopted by the court in approving the report. For such a review the evidence is not necessary, as the findings of fact are taken as true.

4. **Estates of Decedents:** WILL: POWER TO EXECUTOR TO SELL LAND: DOES NOT PASS TO ADMINISTRATOR WITH WILL ANNEXED. A power to sell land, given by will to an executor, will not devolve upon an administrator with the will annexed, unless the intention that it should do so is clearly apparent in the will, or there is a statute by which the rule is changed; and there is no such statute in this state. See opinion for authorities cited. (*Shawhan v. Loffer*, 24 Iowa, 230, and *Lees v. Wetmore*, 58 Id., 170, distinguished.)

*Appeal from Taylor Circuit Court.*

MONDAY, OCTOBER 25.

ACTION in equity to set aside a deed conveying certain real estate. There was a reference, and the referee made a finding of facts, which he reported to the court, together with his conclusions of law. The defendants filed a motion to confirm the report, and the plaintiff to set it aside on the ground that his finding of facts and conclusions of law were erroneous. The former motion was sustained, and the latter overruled. A judgment was entered denying the relief asked by the plaintiff, and she appeals.

*J. M. St. John* and *G. B. Haddock*, for appellant.

*H. H. Artz* and *Lyman Evans*, for appellees.

SEEVERS, J.—I. No exceptions were taken by appellant to the findings and conclusions of the referee, or to the over-

1. PRACTICE: appeal: equity case: exceptions.

ruling of the motion to set aside the report, or to the judgment; and, as the evidence is not in the record, it is said that a trial anew cannot be had, and that, as no exceptions were taken, the erroneous ruling of the referee and court cannot be considered. To this the appellant responds that no exceptions are required in equity causes. Section 2831 of the Code, so provides. This has reference to trials anew in this court; but where a party stands upon the ruling on a motion or demurrer, and appeals therefrom, it has been held that he should except to the ruling and assign errors. *Powers v. County of O'Brien*, 54 Iowa, 501. Nor is it essential that exceptions be taken

2. ———: reference: exceptions: when taken.

before the report is signed by the referee. They may be taken by motion filed in court. *Edwards v. Cottrell*, 43 Iowa, 194; *Washington Co. v. Jones*, 45 Iowa, 260. In the case at bar there was a trial

Hodgin v. Toler et al.

below on the merits, and, although no exceptions were taken,

**3. PRACTICE on appeal: review of referee's report: exceptions not necessary.**

we think it must be heard and determined in this court as are other equity causes. It is true, because the evidence is not before us, we cannot review the finding of the referee as to the facts, and we are not asked to do so; but, accepting such finding as true, we are authorized and required, we think, to review his conclusions of law, which were adopted, by the court. It is from the judgment of the court that this appeal is taken; and, the facts being found and appearing in the record, appellant can well ask this court to determine whether the conclusions of law adopted by the circuit court are correct.

II. The facts are that the plaintiff is the widow of Robert Hodgin, who died in August, 1880, in the state of Ohio,

**4. ESTATES of decedents: will: power to executor to sell land: does not pass to administrator with will annexed.**

where he and the plaintiff at that time resided. Robert Hodgin, at the time of his death, owned real and personal property in the state of Ohio, and also certain real estate which is the subject of controversy in this action. The deceased executed a will, which was duly admitted to probate in the state of Ohio, and he thereby devised to the plaintiff, after the payment of his debts, all his " property of every description, real, personal and mixed," for and during her natural life. Provision was made in the will for repairing and adorning a lot in a cemetery, and for a family monument. Money was set aside for these purposes. Item four of the will provides: "After the above bequests are fully carried out, I give and bequeath the balance and residue of the estate to certain persons," and item five is in these words: "I do hereby nominate and appoint Ben H. Steel and George Starbuck, or the survivor of them, executors of this, my last will and testament, hereby empowering them, or the survivor of them, to sell at public or private sale all my real estate, of every description, upon such terms of credit or otherwise as they may think proper, and deeds to purchasers to execute, acknowledge and deliver in fee-simple." Starbuck failed to qualify as execu-

tor, but Steel did, and thereafter resigned the trust, and thereupon Samuel Berry was, by the proper probate court of Ohio, appointed "administrator of the estate of said Robert Hodgin with the will annexed, and he duly qualified as such. In November, 1881, Berry caused said will to be admitted to probate in Taylor county, Iowa, and on the eighth day of December, 1881, said Berry, as such administrator, conveyed the real estate (in said county belonging to the deceased) to Johnson, Franklin and Co. for a sufficient consideration, and the referee found that there was no fraudulent intent upon the part of any one connected with such purchase and sale. It is insisted that, under the provisions of the will, Berry had the power and authority to make the sale and convey-ance he did, and this is the question to be determined.

Counsel for the appellant insist that trust and confidence were reposed in the persons named as executors by the testa-tor, and that the administrator was not invested therewith, and that he did not, by devolution, have the power to sell the real estate, unless it became necessary to do so to pay debts or legacies, and that in such case the sale could only be made in pursuance of authority granted by the proper court of this state. It is apparently conceded that the executors could sell at any time during the existence of the life-estate and convey a fee-simple title. It may be doubtful whether, under a proper construction of the will, this is true; but, as the point is not made by counsel, we shall not stop to discuss it. That personal trust and confidence were reposed by the testator in the persons named by him as executors we have no doubt. Such trust was not reposed in them as executors, but as individuals, for they, or the survivor of them, were empowered to sell. A large discretion was given them, for the will does not direct that a sale should be made. This was to be determined by the persons named as executors. It was left to their discretion to determine when, for what rea-son, and the terms and conditions upon which, it should be made. There is no pretense that the sale and conveyance of

the land were made for any purpose connected with the due administration of the estate. The only authority is that given by the will. If, under the power therein conferred, the administrator could not lawfully make the sale and conveyance, then it is invalid. In this state an administrator has no control of the real estate, unless it becomes necessary to sell the same for the payment of debts, and then he must obtain authority to make the sale from the proper court.

In Williams on Executors, (volume 1,) in a note on page 724, it is said: "As a general rule, a power to sell land, given by a will to an executor, will not devolve upon an administrator with the will annexed." In support of this rule many authorities are cited, the majority of which we have examined; and we have no hesitation in affirming that the rule as stated above is sustained by the great and decided weight of authority, in the absence of a statute whereby such rule is changed. In fact, subject to this qualification, we have been unable to find any adjudged case holding otherwise. The leading cases in this country are *Conklin v. Egerton's Adm'r*, 21 Wend., 430, and *Tainter v. Clark*, 13 Metc., 220. In both of these cases, and particularly in the first, the whole subject is exhaustively discussed, and the conclusion reached above stated. The following cases sustain such rule: *Ross v. Barclay*, 18 Pa. St., 179; *Brown v. Hobson*, 3 A. K. Marsh., 380; *Lucas v. Price*, 4 Ala., 697; *Vardeman v. Ross*, 36 Tex., 111; *Hall v. Irwin*, 2 Gilman, 176; *Nicoll v. Scott*, 99 Ill., 259; *Wills v. Cowper*, 2 Ohio, 124. In *Ingle v. Jones*, 9 Wall., 486, it is said: "Such a power never passes by devolution to an administrator, unless it be clear that it was the intention of the testator that he should become the donee of the power in place of the executor appointed by the will. In view of these authorities, we do not deem it necessary to restate the reasons upon which the rule is founded, deeming it sufficient to say that the rule, and reasons upon which it is based, seem to us to be correct on

principle, and therefore we are content to follow the authorities cited.

III.   Counsel for the appellees, however, insist that, under the statute, and decisions of this court, a different rule must prevail, and they cite, as sustaining their position, *Shawhan v. Loffer*, 24 Iowa, 230, and *Lees v. Wetmore*, 58 Iowa, 170. In the first case no such question was before the court, and whatever is said in the opinion which counsel seem to believe bears on the question under consideration is used by way of argument. The last case is distinguishable upon two grounds. The first is that the will directed the real estate to be sold, and authority to sell was conferred by the will upon the executors as such.  The second ground is that the executor or administrator appointed in this state applied for and obtained authority from the proper probate court to make the sale in accordance with and for the purpose of carrying out the provisions of the will.   The statutes relied upon are the following sections of the Code:

"Sec. 2347.   If a person appointed executor refuses to accept the trust, or neglects to appear within ten days after his appointment, and give bond as hereinafter prescribed, or if an executor remove his residence from the state, a vacancy will be deemed to have occurred.

"Sec. 2348.   In case of vacancy, letters of administration with the will annexed may be granted to some other person, or, if there be another person competent to act, he may be allowed to proceed by himself in administering the estate.

"Sec. 2349.   The substitution of other executors shall occasion no delay in administering the estate.     *     *     *"

It is evident, we think, that these sections simply refer to and have a bearing on matters which ordinarily occur in the administration of all estates.   No power whatever is conferred upon the substituted executor or administrator.   Thereunder he obtains simply the power of every other administrator who is appointed in the first instance.   It cannot be said, we think, that the foregoing sections of the Code

devolve on the substituted administrator a personal trust which the testator delegated to the person named by him as executor. When *Conklin v. Egerton's Adm'r*, before cited, was decided, there was in force the following statute: "In all cases where letters of administration with the will annexed shall be granted, the will of the deceased shall be observed and performed; and the administrators with such will annexed shall have the rights and powers, and be subject to the same duties, as if they had been named in such will." And it was held that this statute had reference only to the personal estate, inventories, distribution and remedies. This conclusion was questioned by some of the members of the court of errors, but it has never been overruled. *Roome v. Philips*, 27 N. Y., 357 (363); *Egerton's Adm'r v. Conklin*, 25 Wend., 224; and *Brown v. Armistead*, 6 Rand., 594. *Shields v. Smith*, 8 Bush, 601, and *Dilworth v. Rice*, 48 Mo., 124, are based on statutes materially different.

Counsel also rely on and cite section 2351 of the Code. This section relates to the probate of foreign wills, and the powers of executors thereunder, but no power is thereby conferred upon an administrator with the will annexed.

We are of the opinion the court erred in refusing the relief asked by the plaintiff. The judgment of the circuit court must be reversed, and the cause remanded for further proceedings in accordance with this opinion; or the plaintiff may have a decree, if she so desires, in this court.

REVERSED.