In re Van Brocklin's Estate.

## *In re* VAN BROCKLIN'S ESTATE.

**Will:** POWERS CONFERRED ON EXECUTORS: PERSONAL TRUST. A resident of the state of Illinois made a will and named G. and V., residents of that state, as his executors, and after his death they qualified as such in that state. In a codicil he devised certain lands in Iowa to "my executors in said will named, in trust for the following purposes: It is my will, and I hereby give said executors power to sell and convey said land * * * whenever they shall think it advisable to do so." The trust was for the benefit of the widow and children of a deceased son. G. and V. did not sell the land, and the appellant caused the will to be filed in the county in which the land lies, and served notice on the executors to qualify in Iowa and execute the will. This they failed to do, and he was appointed administrator in Iowa, and as such filed a petition to sell the land and distribute the proceeds as provided in the will, on the ground that the interest of the beneficiaries, and the will itself, required that this should be done. *Held* that the petition was properly denied, because the power to sell was given, not to executors in general, but only to G. and V., in whom the testator reposed special trust and confidence, and who had not renounced the trust, nor refused to execute it when in their judgment it would be advisable to do so. (*Lees v. Wetmore*, 58 Iowa, 170, *distinguished;* and *Hodgin v. Toler*, 70 Iowa, 21, *followed in principle.*)

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, MAY 12, 1888.

THE facts are stated in the opinion.

*Mullan & Hoff*, for appellant.

*Gilchrist & Haines*, for appellee.

SEEVERS, C. J.—I. Conrad Van Brocklin was a resident of Illinois, and, prior to his death, executed a will, which was duly admitted to probate in that state in 1877. Among other bequests, he devised certain real estate in the state of Missouri to his son William A. Van Brocklin and appointed Abraham T. Green and Henry O. Van Brocklin executors. The will was executed in 1871; and in 1874, he executed a codicil, which recites the fact that William A. Van Brocklin is dead, and the testator devised said real estate to the widow and children of his son. In 1877, he executed a second codicil, which recites the fact that the testator had sold or exchanged the lands in Missouri for certain described lands in Benton county, Iowa. The material portion of this codicil is in these words: "It is, therefore, my will, and I hereby give and devise the said land in the county of Benton and state of Iowa, above described, to my executors in said will named, in trust for the following purposes: It is my will, and I hereby give said executors power to sell and convey said land, and to make, execute and deliver, as such executors, to the purchaser or purchasers thereof, good and sufficient deeds of conveyance of the same whenever they shall think it advisable to do so; said sale to be made either at public or private sale, as my said executors shall deem best; and, in case such sale is made by my said executors, to divide the proceeds thereof in the same manner that I had in said codicil provided for the disposition of the proceeds of the sale of said land in the state of Missouri, in the foregoing codicil mentioned: provided, however, that, if my said executors have not made sale of said land before the youngest child of my said son William A. shall have arrived at the age of majority, then and in that case it is my will that said land shall not be sold by my said executors." The persons named in the will qualified as executors in Illinois. The applicant to sell the real estate caused the will to be filed in Benton county, and served a notice on the executors to qualify in this state, and execute

the will. This they failed to do, and the applicant was appointed administrator of the estate of Conrad Van Brocklin, and he duly qualified, and filed a petition asking the court to sell the land, and distribute the proceeds, as provided in the will, on the ground, substantially, that the interest of the beneficiaries required that this should be done, and that the will so authorized and directed. The widow and children of William A. Van Brocklin were notified of such proceedings, and the former and one of the latter appeared, and demurred to the petition. The demurrer was sustained, and the applicant appeals.

II. The material question is to ascertain the interest of the testator, and the power conferred upon, and title, if any, in and to the real estate, which is vested in the persons named as executors. The testator devised the land to "my executors in said will named, in trust." This, we think, is equivalent to a devise to Abraham Green and Henry O. Van Brocklin, whom the testator had named as executors. The will or codicil also provides that power is given to "said executors" to sell and convey said land ; that is, the power is given the persons named as executors. If the testator had intended otherwise, it may well be presumed that he would have said "my executors." The power conferred on such persons was to sell the land "whenever they shall think it advisable to do so." The testator therefore reposed in the persons so named as executors a special "trust and confidence." His intention, it seems to us, clearly expressed, is that they should act for him, in his place and stead, and that he vested in them the power to do so. The provisions of this will are different from those in *Lees v. Wetmore*, 58 Iowa, 170. In that case the executors were directed to sell, and the only discretion vested in them was as to when the sale should be made. In the present case a simple power to sell when they deemed advisable is given. But the material difference is that in the cited case the power was conferred on the executors, and not on the persons named as such. Nor is this case precisely like

*Hodgin v. Toler*, 70 Iowa, 21 ; but the only material difference is that in that case the power to sell, conferred on the persons named as executors, was conferred upon them jointly, or upon the survivors. We, however, think the intent of the testator just as clearly appears in this case as in that. An administrator in this state has no control over real estate, or the power to sell the same, except as it becomes necessary to do so in order to pay debts. It is true, the persons named as executors have not sold the lands ; but, as they have not renounced the trust, it must be presumed that the proper time, in their judgment, has not arrived. It cannot be fairly said that they have refused to execute the trust ; and, until they do so, why should the clear intent of the testator be set aside and ignored ? *Tainter v. Clark*, 13 Metc. 220–227. We are of the opinion that the demurrer was correctly sustained.

AFFIRMED.