Bolton v. Kitsman.

BOLTON v. KITSMAN.

Appeal: FROM JUDGMENT ON REFEREE'S REPORT: EXCEPTIONS. This case was tried by a referee, before whom no exceptions were taken; and no exceptions were taken to his report, except that "the defendant orally objected to said report, and asked leave to have the same set aside, and for judgment as prayed in his answer and counter-claim." The court overruled defendant's objections and motion, and sustained plaintiff's motion for judgment as recommended by the report, and entered judgment accordingly, to which rulings, and to the rendition of the judgment, the defendant excepted. *Held* that the objection to the report was not sufficient to bring it up for review, because it did not point out wherein it was claimed to be erroneous (*Sage v. Nichols*, 51 Iowa, 44); and that the exception taken to the judgment was not sufficient, under section 2821 of the Code, for that purpose. (See *Bauder v. Hinckley*, 60 Iowa, 185.)

*Appeal from Mahaska District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 29, 1890.

ACTION to recover one hundred dollars, with interest, claimed to be due upon contract for the sale of real estate. Answer admitting the contracts set out, alleging full payment, and pleading a counter-claim for $23.20 taxes paid for plaintiff, ten dollars' damages for plowing up meadow, and fifteen dollars' damages for failing to remove fence. By agreement of parties the case was referred to Hon. W. H. SEEVERS, on an agreed statement of facts, and on the pleadings and contracts set out therein "to make computation and recommend judgment." The referee recommended judgment for plaintiff for $53.76. Plaintiff moved for judgment on the report. Defendant at the same time orally objected to said report, and asked to have it set aside, and for judgment as prayed in his answer and counter-claim. Defendant's motion was overruled and plaintiff's sustained, and judgment entered accordingly; to each and every of which rulings the defendant excepted, and from which he appeals.

*Blanchard & Preston* and *J. C. Beem*, for appellant.

*Bolton & McCoy*, for appellee.

GIVEN, J.—Appellee contends that, this being a law action, it cannot be reviewed in this court, because the record does not show upon what evidence the case was tried before the referee, because no exceptions were taken before or bill signed by the referee, and because no exceptions were taken to the report of the referee. The record shows clearly that the case was submitted to the referee on the agreed statement of facts, and on the pleadings and contracts set out therein, and that no other evidence was offered. The agreed statement of facts, pleadings and contracts set out therein all appear in the record. There were no exceptions taken before the referee, and no other exceptions to his report than that "the defendant orally objected to said report, and asked leave to have the same set aside, and for judgment as prayed in his answer and

Bolton v. Kitsman.

counter-claim." The record shows that thereupon the court sustained plaintiff's motion, "and overruled the said objections and motion on the part of the defendant, and entered judgment for plaintiff as recommended in the report, to which rulings, and to every part thereof, the defendant at the time excepted; and defendant also at the time excepted to the rendition of said judgment."

It has been repeatedly held that this court will not review on appeal a ruling of the lower court to which exception is not duly taken. "An exception is an objection taken to a decision of the court, or party acting as a court, on matter of law." Code, sec. 2831. "The report of the referee  *  *  *  shall stand as the finding of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. The report may be excepted to and reviewed in like manner." Code, sec. 2821. The exceptions herein referred to are not such as are taken before the referee under section 2823, but those taken to the report after its return to the court. *Michael v. Longman*, 42 Iowa, 484. An exception taken to a judgment rendered upon such report is not sufficient, under said section 2821, to bring up for review in an appellate court alleged error in the report itself. *Bauder v. Hinckley*, 60 Iowa, 185. In that case it is stated: "It appears to us, therefore, that, where the appellant desires to assail the report, he should file exceptions to the same in the trial court. The appellant in this case having failed to do so, errors assigned upon the report present, we think, nothing for our review."

While it is true that an exception is an objection, it does not follow that every objection is an exception such as to present the point of objection for review. In the case last cited, the question presented was whether, in a case where a report of a referee has been confirmed, and judgment rendered accordingly, the appellant can be allowed to present exceptions which had not appeared by proper exception to have been specifically presented to the consideration of the court

below. Appellant insisted that all questions which could be raised in respect to the correctness of the report must be deemed to have been presented in a general way to the court below when it was asked to confirm the report, and that such general presentation is sufficient. The court says: "But it will be seen at once that, if his position is correct, it becomes the duty of the court, in every case referred and reported upon, to examine the entire record with the same care as if the case had not been referred. We do not think that such has been the practice; and, if we should sustain the rule contended for, it appears to us that we should impose upon the courts a great burden, of which they have deemed themselves relieved, and should go far towards destroying all value of a reference." The objection to the report was general, and does not point out wherein it is claimed to be erroneous. In *Sage v. Nichols*, 51 Iowa, 44, an exception "that the finding is contrary to law" was held to be too general and indefinite. Appellant should have pointed out the particular part of the report to which he objected. Our conclusion is that exceptions were not so taken as to present any ruling of the lower court for us to review. The judgment is, therefore,                     AFFIRMED.