JOHN H. MORRIS, Appellee, v. H. B. GRIFFIN, Appellant.

Partnership: ACCOUNTING: COMPENSATION OF PARTNER FOR SERVICES TO THE FIRM. The plaintiff and the defendant being engaged as copartners in the business of selling agricultural implements, the plaintiff entered the employment of another firm, on a salary, to which he gave his entire time, save about three months of the year, which he devoted to the business of the partnership. The plaintiff's salary was not contributed to the firm, but it was agreed, in contemplation that the plaintiff's employment would be for but one year, that the defendant should give his entire time to the firm business without compensation. Without further agreement the business of the firm was continued for more than eleven years, during which time the plaintiff continued his outside employment. *Held*, upon an accounting between the partners that the defendant was entitled to have the reasonable value of his services for nine months of each year, during the years of the plaintiff's outside employment, credited against his indebtedness to the firm.

*Appeal from Jackson District Court.*—HON. A. HOWAT, Judge.

THURSDAY, OCTOBER 8, 1891.

ACTION in equity to wind up a partnership between the plaintiff and the defendant under the firm-name of Morris & Griffin, and for an accounting between the partners. The case was tried to the court, and a decree entered finding that the plaintiff is indebted to the firm in the sum of four hundred and fifty-eight dollars and seventy-four cents, after receiving all credits, and that the defendant is indebted to the firm in the sum of four-

teen thousand, five hundred and eighty-nine dollars and twenty-five cents, after receiving all credits. Judgment was entered accordingly, from which the defendant appeals.—*Modified and affirmed.*

*D. A. Fletcher, D. A. Wynkoop* and *L. A. Ellis,* for appellant.

*G. L. Johnson* and *Bills & Haas,* for appellee.

GIVEN, J.—I. In 1868 these parties entered into a copartnership in buying and selling agricultural implements at Maquoketa, Iowa, which continued till the commencement of this suit, May 17, 1888. Prior to forming this partnership the plaintiff was engaged in selling implements on commission at Maquoketa, and the defendant was farming. For the first eleven years and some months of the partnership the plaintiff was in the employment of D. M. Osborn & Co., of Cleveland, Ohio, as a salesman, at a salary of fifteen hundred dollars per year for the first three months of his employment, and eighteen hundred dollars a year for the remainder of the time. This employment required his entire time and absence from Maquoketa, except for about three months in each year, which months he devoted to assisting the defendant in the business of the partnership. The affairs of the partnership were managed and controlled by the defendant during these eleven years, he giving his entire time to the business. No books of accounts were kept during the first several years of the partnership, and the books thereafter kept do not show the true state of the accounts between the partners; very many items being erroneously or indefinitely entered, and many others entirely omitted. Each party has caused the accounts to be examined by persons claimed to be competent accountants, and exhibits schedules which he claims present the true state of the accounts. If the case had been referred,

and was for hearing on exceptions to the report, the investigation would be much simplified, and the result more satisfactory. There being no such report, and no finding of facts by the court, we have found it necessary to investigate the entire accounts as claimed in these schedules. While there is no contention as to many items, the number disputed is so numerous that it would be impracticable, within the limits of an opinion, to give our reasons for allowing or disallowing each. While we have examined each item with care, it will be sufficient that we state, in general terms, the result of our examination. We realize that out of this chaos it is impossible to reach the exact state of the accounts, but, as this results from the neglect of the parties in not keeping proper accounts, they must be contented with the best results attainable from the *data* furnished.

II. In the absence of a report by the referee, or of findings of facts by the court, we have taken the schedules presented by each party as the basis of our investigation. Upon investigating each disputed item in the schedules, and allowing or disallowing the same, we reach results substantially the same as those announced in the decree; that is, that the plaintiff is indebted to the firm in the sum of four hundred and fifty-eight dollars and seventy-four cents, after receiving all credits to which he is entitled, and that the defendant is indebted to the firm, after receiving all credits, in the sum of fourteen thousand, five hundred and eighty-nine dollars and twenty-five cents, subject only to the question of his right to be further credited on account of services for managing the business of the firm.

III. The defendant claims to be entitled to one thousand dollars per year for the first eleven years and seven months of the partnership for services in managing the business of the firm. In view of the importance and nature of this claim we deem it necessary to notice it specifically, and we now inquire whether the

defendant is entitled to credit upon the amount we have
found against him on this account. The plaintiff
claims that the contract of copartnership was made in
view of his employment with Osborn & Co., and that
one of the conditions was that the defendant would
give his time to the business of the firm without charge,
in consideration of the business that the plaintiff had
theretofore established at Maquoketa. The plaintiff
and one witness so testified, and the defendant testified
that no such agreement was made. We are satisfied
from the testimony that the partnership was contracted
and transacting business prior to the time when the
plaintiff entered the employment of Osborn & Co., in
June, 1868. The weight of the testimony is in favor of
the conclusion, however, that, at the time the plaintiff
entered the services of Osborn & Co. (which was only
for one year), it was agreed that the defendant should
serve the firm without charge for that year. We are
clearly of the opinion that it was not understood that
that agreement should extend beyond the year for
which the plaintiff had accepted employment with
Osborn & Co. There was no reason for such an agree-
ment extending over the eleven years, and certainly
nothing was said or done to warrant the conclusion that
it was so agreed. The rule is that, if an agreement
that a partner shall be paid for his services can be fairly
and justly implied from the course of business between
the copartners, he is entitled to recover. *Levi v.
Karrick*, 13 Iowa, 344; *Sears v. Munson*, 23 Iowa, 389;
*Boardman v. Close*, 44 Iowa, 428. We are in no doubt,
from the course of business between the copartners,
that it was understood and intended, when the plaintiff
remained with Osborn & Co. after the first year, that
the defendant should be compensated to the extent of
the reasonable value of his services to the partnership
over those rendered by the plaintiff. It would certainly
be unreasonable that the parties expected the defendant

to render these years of service without any compensation. It appears that the plaintiff contributed from time to time from his salary with Osborn & Co. to the capital of the firm, and it is urged, therefore, that this shows that the defendant was not to be allowed for his time. It does show that the plaintiff's salary was not to go into the firm as against defendant's time, but certainly does not tend to show that the defendant was not to be compensated.

The plaintiff contends that the services rendered were valueless,. and seeks to charge upon the defendant the entire responsibility for the confusion into which the accounts have fallen for want of proper books. This responsibility is not entirely with the defendant. The plaintiff was a frequent visitor at his home, and spent at least three months of each year there looking after the business, and does not seem to have been any more efficient in bookkeeping than the defendant. Both were undoubtedly negligent in the management of their business, the defendant, however, in a larger degree. While the defendant seems to have been inefficient in causing correct accounts to be kept, he was quite successful in building up a large business with the assistance of the plaintiff. The defendant testifies that his services were worth at least one thousand dollars per year, and this stands undenied, except as it is disputed by the nature of his services. We reach the conclusion that the defendant is entitled to no compensation from June, 1868, till June, 1869, because of the agreement, and that from the facts we imply an agreement that he should have reasonable compensation for the remainder of the time that the plaintiff remained in the employment of Osborn & Co. The plaintiff devoted three months of each year to the business of the firm, thereby equalizing the services of defendant for the same period. It follows that the defendant should only be allowed compensation for the nine months in each year, which,

at the rate of one thousand dollars per year, is seven hundred and fifty dollars. It is not clear just when the plaintiff quit the employment of Osborn & Co., and commenced rendering continued services to the firm of Morris & Griffin, but it is evident that it was no earlier than June, 1879. We reach the conclusion that, in addition to the credits given to the defendant in the result already found, he should be credited with ten years' services, at seven hundred and fifty dollars per year, or seventy-five hundred dollars, leaving his indebtedness to the firm of Morris & Griffin, seven thousand and eighty-nine dollars and twenty-five cents, instead of fourteen thousand, five hundred and eighty-nine dollars and twenty-five cents, as found in the decree.

The decree being in other respects correct, the case is remanded for the entering of a decree in conformity of this opinion. MODIFIED AND AFFIRMED.