SAMMIS & SCOTT v. HOMER B. HITT, Defendant, HOMER B. CALPIN, Administrator of the estate of LUCIE W. HITT,. Intervener, Appellant.

**Intervention by Administrator:** AUTHORITY. Where the administrator of a deceased wife, claiming property attached in a suit against her surviving non-resident husband, does not allege any facts authorizing him to intervene, nor present any proof showing such authority, the attachment is properly sustained.

*Appeal from Plymouth District Court.*—HON. WILLIAM. HUTCHINSON, Judge.

TUESDAY, JANUARY 15, 1901.

THIS action was brought to recover for services rendered the defendant, Homer B. Hitt, who was a non-resident of this state. It was aided by attachment, which was levied on certain real estate, and by garnishment. There was a default and judgment against Homer B. Hitt. Homer B. Galpin is the administrator of the estate of Lucie W. Hitt, appointed after this action was commenced and the levies made. Lucie W. Hitt was the wife of the defendant, Homer B. Hitt. She died, leaving a will giving to her husband her entire estate if she died without issue, and one-third thereof if she left issue, in which event her husband was devised the other two-thirds of her estate in trust for her children, with full power

to sell and convey all real estate. He was also named as ex-
ecutor. The will was duly probated in Cook county, Ill.,
where Mrs. Hitt died. Her husband duly qualified as execu-
tor and trustee thereunder, took full possession and control
of the estate, and so held the same when the levies herein
were made. The intervener alleged in his petition that the
property levied upon was the property of the estate of Lucie
W. Hitt, and that Homer B. Hitt had no interest therein,
and asked that the attachment be discharged. The case was
tried to the court, and judgment rendered sustaining the
levy on the land, and special execution was ordered. The in-
tervener appeals.—*Affirmed.*

*E. T. Bedell* for appellant.

*G. C. Scott* for appellee.

SHERWIN, J.—Aside from the inference raised by the
qualification of Homer B. Hitt as trustee, there is no evi-
dence before us tending even to show that Mrs. Hitt died
leaving issue. The case seems to be argued, however, on the
theory that she did, and we will so treat it. The intervener's
petition alleges no facts which would entitle him to resist
the levy of the attachment. It will be noticed that he makes
the allegations only that the property belongs to the estate of
the testator, and that Homer B. Hitt has no interest therein.
It is claimed in argument, however, that Homer B. Hitt has
squandered a large part of the trust estate, and that the court,
for this reason, should discharge the attached property for the
protection of the *cestui que* trust. It does not occur to us
that this question is before us in such manner as to enable us
to go into the details of the management of the trust property.
No such issue is presented by the pleadings, though argued
by the appellant. The allegation that the property in ques-
tion belonged to the estate was denied by the appellee, and
the interest of Homer B. Hitt therein asserted. That he had

an interest which vested in him at the time of his wife's death we do not understand is controverted. This interest he still held at the time of the levy, and, unless the intervener showed some right to the property as administrator, the court properly sustained the attachment. This the administrator did not do. He had no authority over the real estate in question, nor any right thereto, so far as the record shows. *Hodgin v. Toler,* 70 Iowa, 21. In his pleading he did not allege any facts authorizing him to intervene nor did he on the trial offer any proof tending even to show such authority; hence we conclude that the trial court was justified in its action, and the judgment is AFFIRMED.