SAGE ET AL. V. NICHOLS ET AL.

1. **Referee**: REPORT MAY BE REFERRED BACK. It is competent for the court to refer a case back to a referee for a further report upon the facts with reference to particular issues not fully reported upon.

2. ———: ———. His authority in such case, however, is limited to reporting upon the particular matters specified in the order of the court.

*Appeal from Hardin Circuit Court.*

SATURDAY, APRIL 26.

THE petition states that the defendants are justly indebted to the plaintiffs "in the sum of two thousand one hundred and seventy-one dollars on account for goods, wares and merchandise sold and delivered to said defendants at their special instance and request, on twelve months' time, as will more fully appear by a copy of the account hereto attached." The account is omitted from the abstract. It is further stated that no part of the account has been paid except the sum of three hundred and thirty-eight dollars and forty-four cents. The defendants pleaded: *First*, a general denial; *second*, the

statute of limitations of five years; *third,* that plaintiffs sold defendants fifteen wagons for the agreed price of one thousand three hundred and fifty dollars, and that the same were not complete and perfect, whereby the defendants were damaged in the sum of one hundred dollars; *fourth,* that said wagons were sold with a warranty, but the same were made of unsuitable materials, whereby defendants were damaged in the sum of five hundred dollars; and, *fifth,* that defendants had settled with and paid plaintiffs in full. The reply consisted of a general denial. "By consent of parties the cause was referred to W. J. Moir, Esq., to hear and determine." The referee made his report, to which defendants filed exceptions, which were overruled, and judgment rendered in accordance with the recommendation of the referee. The defendants appeal.

*S. M. Weaver,* for appellants.

*M. W. Anderson,* for appellees.

SEEVERS, J.—The report of the referee is as follows:

"1. That on or about August 1, 1871, plaintiffs sold and delivered to defendants eighteen farm wagons, for the agreed price of seventy-five dollars in farmers' notes, or seventy dollars in cash; that said wagons were delivered in Elkhart, Indiana.

1. REFEREE: report may be referred back.

"2. That the claim of plaintiffs is not barred by the statute of limitations.

"3. That defendants were damaged because the wagons were not complete in the sum of seventy-five dollars.

"4. That the wagons were not as warranted, whereby defendants were damaged in the sum of three hundred and sixty dollars.

"5. That there was no settlement as claimed by defendants.

"6. I do therefore recommend that plaintiffs have judgment against defendants for the sum of three hundred and seventy-six dollars and fifty-six cents, with interest at six per

Sage v. Nichols.

cent from the 7th day of August, 1872, making sum total of five hundred and seven dollars and ninety-seven cents and costs of suit."

The defendants moved to set aside the report and for a new trial on the following grounds:

"1.   The sixth finding or recommendation is not supported by the facts found and reported by the referee, and because said finding is excessive under said facts, and the same is not supported by any conclusions of law.

"2.   Because said sixth finding is contrary to law.

"3.   Because said sixth finding is not consistent with the facts as found by the referee.

"4.   Because plaintiffs' claim is barred by the statute of limitations."

The defendants also filed a motion for judgment for costs. Without ruling on the motions, but after argument thereon, and against defendants' objections, the court made the following order: "Referred back to Hon. W. J. Moir for findings of fact as to agreement of payment and time of payment." In accordance with this order the referee, among other things, found and reported "that on or about the 1st day of August, 1871, defendants purchased of plaintiffs eighteen farm wagons, to be paid for in six and twelve months, it not appearing from the evidence what portion was to be paid in six and twelve months."

Exceptions were filed to this report, and the court was moved to set the same aside on various grounds. All the motions made by defendants were overruled, and it is now insisted—

I.   That the court had no power to refer the report back to the referee, and require him to make an additional finding.

The petition stated the goods and merchandise were sold on twelve months' time, and the statute of limitations was pleaded, and the referee reported the cause of action was not barred. For the reason, it is presumed, that this was a conclusion of

law, and that the referee had failed to find the facts as to the issues made in the pleadings, the report was referred back.

Clearly the defendants were not entitled to judgment on the report as it then stood, and the motion asking such relief was properly overruled. At most, defendants were only entitled to have the report set aside as a whole. The effect of this would be to grant a new trial, and this, it is claimed, is all the court could do. We have, then, the case where the referee has failed, through oversight or otherwise, to report the facts as to all the issues made in the pleadings, and the report, against the objections of a party, is referred back to him to find the facts as to such issues.

The referee was not required to hear additional evidence, but to determine as to such issues from the evidence introduced on the trial, and his report shows that no additional evidence was introduced or considered. If the order required the referee to hear such evidence, or if it appeared he had done so, it may be his report should have been set aside. A cause cannot well be tried by piecemeal. Nor was the referee required to re-examine the evidence for the purpose of determining any question of fact already found and determined by him. Whether this could be done we have no occasion to determine. It is said when a referee has filed his report his jurisdiction and power are at an end; that he cannot correct his report or make an additional report, any more than could a jury correct their verdict after they have separated.

The duties and powers of a jury are hardly analogous to those of a referee. The latter stands in the place of the court, and the trial before him is conducted in the same manner, and his finding stands as the finding of the court. Code, §§ 2819, 2820, 2821. The court, at any time during the term, may correct its records, and may do so after the term by a proper order. Whether the court can thus correct findings of fact, or whether the powers of a referee, under the direction of the court, extend thus far, we are not required to determine, and it will be conceded a referee cannot on

his own motion, and without leave of the court, correct or
amend his report after it has been filed. But, as the report
may be set aside and the case retried before the same referee,
we see no valid objection to having him determine (if the
court so orders) from the evidence introduced at the trial, any
question arising under the issues necessary to enable · the
court to enter a proper judgment in the case. Whether the
referee's conclusions of law are correct is not important, as
they may be corrected by the court. It is, however, of vital
importance his findings of fact should be full and complete.
We see no reason why substantial justice may not be obtained ·
in the manner indicated, at less expense to litigants than the
other, which would require all the issues to be retried. No
such question as the present was before the court in *Doyle v.
Reilly*, 18 Iowa, 108.

Believing the rule herein adopted is the better practice, we
have not sought diligently to ascertain whether it is sustained
by authority elsewhere.

II. The referee, in his additional or supplemental re-
port, made certain findings he had not been authorized or
required to make by the court. Such additional
findings were not in conflict with those previously
made, but were more full and complete, and more favorable to
the plaintiffs. All such should have been set aside because
the referee went beyond the power conferred on him. To this
extent the defendants' exceptions to this report should have
been sustained. The failure of the court to do so was, how-
ever, error without prejudice, if the judgment rendered can be
sustained and properly based on the original report, and the
additional finding made as directed by the court.

III. As the account which was attached to the petition is
not contained in the abstract it must be presumed that the
action was brought to recover for wagons sold and delivered.
The referee finds they were so sold about August 1, 1871, on
six and twelve months' time. The cause of action as to a
part of the account may be conceded to have accrued Febru-

ary 1, 1872. The original notice was actually served on the 23d day of December, 1876. This being the commencement of the action (if not earlier), it is clear that five years had not elapsed from the time the cause of action accrued at the time the action was commenced.

IV. The other objections made in the motion to set aside the report all relate to what is designated as the sixth finding. This is the referee's recommendation of the amount judgment should be rendered for. It is more in the nature of a conclusion of law than a finding of fact. Indeed, it may be well said to be the referee's conclusion from other facts found.

One of the exceptions is that the finding is contrary to law. This is too general and indefinite. It will not be further noticed. The only other exception is that the amount found due is too large under the other facts found. The only question that can be considered under this exception is whether the wagons should be charged to the defendants at seventy-five or seventy dollars each. The finding is somewhat indefinite. What is meant by seventy-five dollars in farmers' notes is uncertain. But we understand the meaning to be this: If the defendants sold any wagons to farmers and took notes therefor, they could pay for the wagons in such notes at the rate of seventy-five dollars for each wagon; but if no wagons were so sold then they were to pay seventy dollars for each wagon, in cash, at the expiration of the credit given. The original report does not show whether any of the wagons were sold and notes taken therefor or not. The action is brought to recover the cash price of the wagons. The court, therefore, erred in rendering judgment for the wagons at seventy-five dollars each.

Many other points are made in the argument of counsel, but they are based on the motion to set aside the additional report or were not made in the court below.

We have determined all the exceptions to the judgment of the Circuit Court which properly arise on the record. The

result is the judgment below, on the single ground above mentioned, must be modified and affirmed; and at the election of the appellees, within thirty days from the filing of this opinion, a judgment will be rendered in this court. Otherwise the cause will be remanded to the court below for further proceedings in accordance with this opinion.

MODIFIED AND AFFIRMED.