MAURICE F. CAHALAN, Appellant, v. DANIEL CAHALAN, Appellee. .

1. **Evidence:** TRANSACTIONS WITH DECEDENTS. In an action upon a promissory note, to which want of consideration was pleaded, the payee was permitted to testify that the same was given in consideration of his interest in his father's estate, which he had transferred to his mother, to enable her to convey to the maker of said note, another son and heir, a certain portion of the whole of said estate, and that such transfer was made to the mother under a promise that he should receive for his interest what was right in the end. *Held,* that the evidence was not incompetent under section 3639 of the Code, because of the decease of the mother, the right of recovery being based upon a transaction between the brothers themselves.

2. ———: ERROR WITHOUT PREJUDICE. The erroneous exclusion of evidence by the trial court will, upon appeal, be deemed error without prejudice where the witness is subsequently examined at length without objection in respect to the same subject-matter.

3. **New Trial:** NEWLY DISCOVERED EVIDENCE. Where, on a motion for a new trial on the ground of newly discovered evidence, the statements in the affidavit in regard to diligence are in the nature of conclusions, rather than of facts from which a court could determine as to the diligence used, and the evidence discovered is that of witnesses known to the plaintiff, and who had resided in the community for twenty years, and pertained to matters which he knew to be a material issue in the case, *held,* that there was not a sufficient showing of diligence to authorize interference with the ruling of the trial court refusing a new trial.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

THURSDAY, MAY 14, 1891.

ACTION to recover an amount alleged to be due on two promissory notes. The defendant pleaded a

counterclaim.   A jury being waived, there was a trial
by the court, and a judgment in favor of the plaintiff
for forty-six dollars and forty-four cents, and costs of
commencing suit, and in favor of the defendant for
the remainder of the costs.    The plaintiff appeals.
*Affirmed.*

*D. W. Clements,* for appellant.

*Ainsworth & Hobson,* for appellee.

ROBINSON, J.—The notes upon which the action of
the plaintiff is founded are for the sum of five hundred
dollars each, dated January 29, 1883, made by the
defendant, and payable to the plaintiff one year after
date.    The amount alleged to be due thereon is the
sum of one thousand and twenty dollars and twenty
cents.    There is no controversy in regard to them.
The counterclaim of the defendant is founded upon a
promissory note made by the plaintiff to the defendant
for the sum of six hundred dollars, dated September 2,
1882, and payable three years after date.    The plaintiff
admits the making of the note, but alleges that the
total consideration therefor did not exceed the sum of
fifty dollars ; that at the time it was given the plaintiff
was engaged in the business of selling intoxicating
liquors in Fayette county in violation of law ; that the
note and a mortgage which purported to secure the
note were given to the defendant for the purpose of
aiding the plaintiff to carry on said business in dis-
couraging, retarding and preventing suits and prosecu-
tions on account of the illegal nature of the business.
The defendant denies these claims of the plaintiff, and
contends that the note was given by the plaintiff in
pursuance of an agreement to pay the defendant for a
certain interest in his father's estate, which he had
relinquished.    The court found in favor of the defend-
ant for the full amount of his note against the plaintiff.

I.   The parties to the action are brothers.    It
appears that their father died intestate about the year

1875, leaving debts to a considerable
**1. EVIDENCE: transactions with decedents.** amount, and property which included two hundred and eighty acres of land and some personal property. His wife and eight children survived him. Soon after the father died the widow and heirs agreed that the plaintiff should have one hundred and twenty acres of the land and the larger part of the personal property, and that he should pay one-half of the incumbrances on the land and the unsecured debts against the estate; that another brother should have an equal amount of personal property. The heirs conveyed their interest in the land to their mother, and she conveyed to the plaintiff one hundred and twenty acres of the land, and to the other son who was to receive it an equal amount. Although there is some confusion in the evidence, we think the facts stated have been fairly established. The defendant claims that he joined in the conveyance of the land to his mother only on condition that the plaintiff should pay him the value of his interest in the estate, and that the note set out in his answer was given in payment of that interest. That claim is denied by the plaintiff, who contends that he was not required to pay the defendant anything for his interest in the estate; that the interest was of no value; and that the note in controversy was not given for it.

The defendant was permitted, against the objections of the plaintiff, to testify to an agreement had between himself and his mother, who was dead at the time the testimony was given, by virtue of which he claims he relinquished his interest in his father's estate. The substance of the testimony so given is that the plaintiff and another brother named should have the real estate left by the father, excepting a portion to be reserved as a homestead for the mother; that the defendant should quitclaim his interest to her, and that he should receive what was right in the end. The ground of objection to this testimony was that it was incompetent, under section 3639 of the Code. That provides that "no party to any action or proceeding

\* \* \* shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination, deceased \* \* \* against the \* \* \* heir-at-law, next of kin, assignee, \* \* \* or survivor of such person." The defendant does not seek to hold the plaintiff as heir-at-law, next of kin, assignee or survivor of his mother, but on a note which was given, as the defendant alleges, not by virtue of the agreement between himself and his mother, but in fulfillment of one made between himself and the plaintiff. It is true, the obligation of the latter to compensate the defendant for his interest in the estate was completed by the conveyance made to him by his mother, but that obligation was founded upon his own agreement to carry into effect the settlement of the estate made by the widow and heirs. The prohibition of the section specified does not, therefore, apply.

II. P. H. Cahalan was administrator of the estate of the father. He was produced as a witness for the plaintiff, and was asked the following question: "State whether at the settlement of the estate and distribution of the property there was anything to be paid to plaintiff by the defendant." It was objected to as incompetent, irrelevant, immaterial, and as asking for a conclusion, and the objection was sustained. Of that ruling the appellant complains. What fact the question was designed to disclose does not appear; but if there was error in the ruling it was without prejudice, for the reason that the witness was afterwards examined at length in regard to the settlement of the estate and the agreements of the parties in interest by which it was accomplished.

*2. ——: error without preju- dice.*

III. The appellant complains of the refusal of the district court to grant him a new trial on the ground of newly discovered evidence. The affidavits filed in support of that ground of the motion for a new trial show the following facts: The plaintiff has resided in Dakota for nearly five

*3. NEW trial: newly dis- covered evi- dence.*

years. He made four visits to Fayette county, and
to the township of that county, in which the trans-
actions in controversy occurred, before the trial
in the district court, and made inquiry in regard
to evidence which he would need in the case. He
failed to discover any of the evidence set out in the
application for a new trial. After the conclusion of
the trial he ascertained that Edward and William
Lovell and Matthew Powers had heard the defendant
say in substance and effect that the note in controversy,
and the mortgage given to secure it, were given solely
to cover up the property of the plaintiff to the end that
he could carry on the business of keeping a saloon in
violation of law. The affidavits of Edward Lovell and
Powers, corroborating the claim of the plaintiff as to
the statements made to them, are attached to the
motion for a new trial. It may be conceded that the
newly discovered evidence of the persons named is
material and not cumulative ; that the plaintiff believes
it to be true, and that the two persons last named at
least would give it on another trial ; but we are of the
opinion that due diligence to obtain it is not shown.
It is true that the plaintiff claims he did not know what
the testimony of the defendant in regard to the consid-
eration of the note in controversy would be until it was
given on the trial. Also that he made " diligent
inquiry " in the county and township where the note
was given, and where the defendant resided, and " used
his best endeavors by himself and his friends to ascer-
tain the evidence proper in the case," and " was unable
to learn of, and did not know anything about," the
witnesses named, or the evidence they would give. The
statements in regard to diligence are in the nature of
conclusions, and do not recite facts from which a court
may determine whether or not due diligence was used.
The affidavits of Powers and Edward Lovell show that
they reside in Clermont township, where the defendant
resides, and that they have known him twenty years.
The appellant does not claim to have spoken with them
in regard to their knowledge before the trial, and no

reason is given for his failure to do so. He does not show with whom he talked, nor what he did in his efforts to prepare for trial. He knew that the consideration of the note in controversy was a material issue, and that he should be prepared to establish his theory in regard to it. If he was surprised by the testimony for the defendant he had the right to apply for a continuance. The showing of diligence as to the other witnesses named in the application for a new trial is not so strong as that we have considered.

We conclude that the showing is not sufficient to authorize us to interfere with the ruling of the district court. Its judgment is, therefore, AFFIRMED.