OF THE

## STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1894

AND IN THE FORTY-EIGHTH YEAR OF THE STATE.

---

SAMUEL FEISTER v. JAMES KENT, Appellant.

Practice: NEW TRIAL: PREJUDICE OF REFEREE. Code, 2837, 2838, do not authorize new trial on account of the prejudice of a referee, and affidavits alleging such prejudice are properly stricken.

SAME: NEWLY DISCOVERED EVIDENCE. Material admissions by prevailing party to one who had, at trial, removed to a distance, entitle to a new trial where the losing party had no reason to believe that said person had such information, though no inquiry was made of him.

Practice in Supreme Court: ASSIGNMENTS OF ERROR requiring an examination of the record are insufficient.

Same. So is one going to the overruling of a motion generally, where the motion has more than one division.

Same. So is one based "on account of exemplary damages allowed" where there are three findings as to damages.

| 92 | 1 |
| 93 | 173 |
| 92 | 1 |
| 109 | 684 |
| 92 | 1 |
| 113 | 345 |
| 92 | 1 |
| 114 | 181 |
| 92 | 1 |
| 117 | 341 |
| 92 | 1 |
| 118 | 558 |
| 92 | 1 |
| 132 | 374 |

(1)

4  *Same.* And one that court erred in confirming report of referee and rendering judgment thereon.

6  *Same.* One setting out errors of the referee can not be considered. It
9  should be directed to the action of the court on the report, and question not so made can not be considered on appeal.

SAME. Assignments upon admission and rejection of testimony will not
7  be considered where the only exception below is 'a statement in a motion for new trial complaining of "errors of law occurring at the trial excepted to at the time, which exceptions appear in the shorthand reporter's notes and can not now be more specifically set out until
8  said notes can be transcribed. Such errors relate to the receipt of evidence against defendant, and refusal to receive evidence offered by him."

SAME: COSTS. Where an amended assignment of errors was filed out of
12 time and necessitated further argument, which was made, the costs up to such filing should be taxed to appellant, at all events.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

TUESDAY, OCTOBER 9, 1894.

ACTION for work, labor, and board. Judgment for plaintiff. Defendant appeals.—*Reversed.*

*W. D. Evans* and *Baker & Ball* for appellant.

*Hedges, Rumple & Lake* for appellee.

KINNE, J.—I. Plaintiff entered into defendant's employment as a clerk in his store on March 8, 1888, and so continued until September 6, 1889. Plaintiff claims that by a verbal agreement between him and defendant the latter was to compensate him for his services as follows: For the first month, his board, and after that time what his services were reasonably worth; that his services were reasonably worth thirty dollars per month from April 8 to May 15, 1888; and that from the latter date until September 6, 1889, he had the care and management of defendant's store under the casual supervision of the defendant, and his services were reasonably worth fifty dollars per month. He claims eight hundred and twenty-three dollars and sixty-six

cents for all his services as being due and unpaid.    In a second count it is averred that plaintiff, at defendant's request, and upon his agreement to pay, furnished board to defendant's wife and employees, of the reasonable value of one hundred and seventy dollars and fourteen cents.    Judgment is asked upon both counts for nine hundred and ninety-three dollars and eighty cents.    Defendant admits the employment of plaintiff, but denies that he was to furnish him his board for the first month, and pay him the reasonable value of his services thereafter; denies that the services were worth the sum claimed, and denies that any sum is due plaintiff.    He avers that plaintiff agreed to perform services for defendant in his store from March 8, 1888, to May 12, 1888, in consideration of defendant's paying his board, which he did; that plaintiff verbally agreed to remain for one year from May 14, 1888, for fifteen dollars per month and his board, which defendant was to pay, not exceeding ten dollars per month; that by verbal agreement between them, thereafter made, plaintiff continued in defendant's employ under the same arrangement as to compensation until discharged on September 6, 1889; that he has been fully paid.    Defendant admits that plaintiff furnished board as alleged by him, but denies the value alleged, and denies that it is unpaid.    He also claims that he had an agreement with plaintiff to furnish the board at not to exceed ten dollars per month for each person, and that all the board was furnished thereunder, and has been paid for.    In a counterclaim. defendant demands of plaintiff money for goods and merchandise, and for house rent, the sum of one thousand dollars, and prays judgment against the plaintiff for seven hundred and thirty-eight dollars.    Plaintiff admits certain items of the counterclaim, and denies the balance. The cause was tried by a referee, who found conclusions of fact and law, and recommended a judgment

against defendant for four hundred and ten dollars and forty-six cents, with interest and costs. The defendant excepted to all of the findings and recommendations, and filed his motion in the district court to set aside the report and for a new trial, upon the following grounds: *First.* Because the amount found due plaintiff was excessive, and allowed under the influence of passion or prejudice, as shown by an affidavit of defendant, attached. *Second.* Because the finding as to the contract of hiring and price of board sued for is not supported by the evidence. *Third.* On account of newly discovered evidence. *Fourth.* For alleged errors of law occurring at the trial. The affidavit above referred to stated that the referee, after the trial of this case, and pending his report, accepted employment in an action in which the affiant was plaintiff and one Rogers defendant, then pending in the district court of Iowa county, as counsel for said Rogers, whose interests were hostile to affiant; that in said action the referee assumed a bitterly hostile attitude to affiant, and caused witnesses to be subpoenaed on behalf of Rogers for the purpose of impeaching affiant's reputation for truth and veracity, and affiant believes that said referee's mind was poisoned against defendant.

The showing made for a new trial on the ground of newly discovered evidence consisted of the affidavit of one Asa L. Gallup, who swore to an acquaintance with the parties to this suit since 1887; that he resided in Grinnell; that he knew when defendant opened his store in Conroy, in Iowa county; knew that plaintiff was working in said store in May, 1888, and that at said time affiant was working in a store in Marengo; that he had a conversation with plaintiff, wherein he told affiant that he was to get twenty-five dollars per month wages when Wilson left; that the reason he would then get that amount was that he would then have full charge

of the store when Kent was absent, and would have more work to do, and greater responsibility; that affiant did not communicate said conversation to defendant, or to anyone, until December 30, 1890, and does not know that Kent knew of said conversation prior to that time, or of affiant's having conversed with plaintiff concerning his business relations with defendant. Defendant also filed an affidavit in which he swears that at no time prior to December 30, 1890, had he any knowledge or information, or even intimation, that said Gallup knew the facts stated in his affidavit; that he did not know that Gallup had conversed with the plaintiff on the subject, nor had he any reason to believe that he had, or he would have made inquiry of him as to what, if anything, he knew of the facts stated. Other facts are sworn to, showing the materiality of the newly discovered evidence. May 4, 1891, plaintiff filed a motion to strike from the files defendant's affidavit relating to the action of the referee, because it was irrelevant and immaterial, and not permissible. This motion was sustained, to which ruling defendant excepted. The court overruled the motion to set aside the report of the referee, approved the report, and entered judgment in accordance with the referee's recommendations, to all of which defendant excepted.

II. Several of the assignments of error are assailed as being insufficient to raise any question for our consideration. Of the original assignments, numbers 1, 2, 4, 5 fail to point out or specify any errors, but require the court to make an examination of the record to ascertain what particular rulings are relied upon as error. The statute requiring an assignment of error to be made as specific as the case will allow, and to point out the very error objected to, is not obeyed by making an assignment which refers opposing counsel and the court to the contents of the record for direction or information as to what particu-

lar matters are complained of. These assignments can not be considered. Code, section 3207; *Wood v. Whitton*, 66 Iowa, 295, 19 N. W. Rep. 907, and 23 N. W. Rep. 675. The tenth assignment is in these words: "Tenth. The court erred in overruling defendant's motion to set aside the report of the referee and grant a new trial." The statute requires that when there are several points in a demurrer or motion the assignment must designate which one is relied upon as error. Code, section 3207. This motion contains four divisions, and the assignment goes to the motion generally. It is not good. *Mara v. Bucknell*, 90 Iowa, 757, 57 N. W. Rep. 876; *Hamilton Buggy Co. v. Iowa Buggy Co.*, 88 Iowa, 364, 55 N. W. Rep. 496; *Schroeder v. Webster*, 88 Iowa, 627, 55 N. W. Rep. 569. The eleventh assignment reads: "The court erred in confirming the report of the referee, and rendering judgment thereon against the defendant." We think this is insufficient. It is equivalent to saying that the court erred in rendering judgment against the defendant. It does not point out, or even suggest, what the error consisted of. If such an assignment is sufficient, it involves the examination of the entire record. *Wood v. Whitton*, 66 Iowa, 295, 19 N. W. Rep. 907, and 23 N. W. Rep. 675; *Brigham v. Retelsdorf*, 73 Iowa, 714, 36 N. W. Rep. 715; *Vanderberg v. Camp*, 68 Iowa, 212, 26 N. W. Rep. 80; *Betts v. City of Glenwood*, 52 Iowa, 126, 2 N. W. Rep. 1012; *Tomblin v. Ball*, 46 Iowa, 190; *Hamilton Buggy Co. v. Iowa Buggy Co.*, 88 Iowa, 364, 55 N. W. Rep. 496.

The sixth assignment is upon the ground that the court erred in refusing to set aside the report of the referee and grant a new trial "on account of the excessive damages allowed, and the prejudice of the referee, as shown by the affidavit of James Kent." Under another division of this opinion we hold that the affidavit as to prejudice was properly stricken from the files.

If the assignment is intended to refer to anything else, it is not sufficiently specific. There were three several findings as to damages, and the assignment does not point out which one is claimed to have been excessive. The eighth assignment assigns error in the refusal of the court to set aside the report of the referee as to the price of board sued for, and because such findings are not sustained by sufficient evidence. Without entering into a discussion of the evidence, it may be said it was conflicting, but warranted the finding made, and there was no error in the court's action.

A very extended amended assignment of errors has been filed, some parts of which we proceed to notice. Errors 1, 9, 11, 13, 14 and 17 relate to the acts and findings of the referee, and to alleged errors therein. They do not refer in any manner to the acts of the court below, or any alleged error of said court; hence they present no question for our determination. The assignment should be directed to alleged errors on the part of the lower court when it acts upon the report of the referee on the exceptions filed thereto. The appeal is predicated upon the ruling of the court on the exceptions filed to the referee's report. We can not consider errors on the part of the referee, but only errors of the court in passing upon the exceptions to such report. No such question is presented by these assignments. *Edwards v. Cottrell*, 43 Iowa, 202. Assignments 2 to 7, inclusive, are as to errors in ruling upon the admission and rejection of evidence. These errors can not be considered, as the matters therein referred to were not properly brought to the attention of the court below by defendant's exceptions to the report of the referee. The only reference in defendant's exceptions to these alleged errors is in the motion for a new trial, and is as follows: "*Fourth.* For errors of law occurring during the trial, and which were by defendant excepted to at the time,

which exceptions appear in the shorthand reporter's notes, and can not now be more specifically pointed out until said notes can be transcribed. Said errors relate to the receipt of evidence against the defendant, and the refusal to receive evidence offered by him." Such an exception, which is in general terms, and fails specifically to call the court's attention to any alleged error, and requires the court to examine the entire record, is insufficient upon which to base error in this court. It is due to trial courts that their attention should be directly called to any alleged errors that may have been committed, to the end that they may correct the error, if any; but such duty is not discharged by imposing upon the court the necessity of taking counsel's place and searching the entire record for the discovery of supposed errors. That is a burden counsel can not impose upon the trial court. *Bauder v. Hinckley*, 60 Iowa, 185, 14 N. W. Rep. 228; *Michael v. Longman*, 42 Iowa, 485. See *Sage v. Nichols*, 51 Iowa, 49, 50 N. W. Rep. 491. The eighth assignment relates to error in striking out the testimony of one Deffenbaugh. For the reasons above given, this can not be considered. The tenth assignment can not be considered because the matter therein referred to was not specifically called to the attention of the trial court. As to the twelfth, fifteenth, and sixteenth assessments of error, which relate to the action of the court in refusing to set aside the report of the referee, and in rendering judgment thereon, because the findings in certain particulars did not find proper support in the evidence, even if relating to matters properly called to the attention of the lower court, need no discussion, as the evidence warranted the action taken. The eighteenth assignment relates to the action of the court in confirming the referee's report, and in rendering judgment thereon, it being claimed that the finding of the referee as to the value of the board furnished by plaintiff to the defend-

ant is not supported by the evidence, and because the testimony showed said board was furnished under a contract at ten dollars per month.   As to the value of the board the evidence was conflicting.   The finding of the lower court stands as the verdict of a jury, which we should not disturb if the judgment is warranted by the evidence.  We conclude that in that respect there was no error.   As to the alleged contract for board, no such question was presented to the lower court in the exceptions to the report of the referee. It can not be raised for the first time in this court.

III.   It is said that the court erred in sustaining the motion to  strike from the files the affidavit of Kent.   The substance of this affidavit has already been stated.   The motion was based upon the grounds that the affidavit was irrelevant and immaterial, and that it was not permissible, or recognized by our rules of practice.   The only provision of the statute for supporting or controverting the grounds of a motion for a new trial by affidavits is where the ground of the motion is misconduct of the jury or prevailing party, or accident or surprise which ordinary prudence could not have guarded against, and newly discovered evidence.   Code, section 2837, subds. 2, 3, 7; *Id.*, section 2838.  The express provision for the use of affidavits in certain specified cases may well be held to exclude their use as to grounds not thus mentioned.   *"Expressio unius est exclusio alterius."*   See *Talbott v. Blacklege*, 22 Iowa, 578.   Being unauthorized by statute, there was no error in striking it from the files.

IV.   We think the serious question in this case is as to the action of the court in overruling the motion for a new trial on the ground of newly discovered  evidence.   It may be conceded that the newly discovered evidence was material, and the only question is, was due diligence shown to discover it prior to the trial.   It appears that the affiant, Gallup,

had been acquainted with all of the parties to this litigation since defendant opened his store in Conroy, in 1887; that for a time Gallup lived in Marengo, only a few miles distant; that Kent was absent from Conroy much of the time; that Gallup lived in Grinnell when he made the affidavit, and that defendant had no knowledge or intimation that Gallup knew any fact material to the case; nor did he know that Gallup had ever conversed with plaintiff on the subject of his employment, and he had no reason to think that he had done so. It was said in *Pelamourges v. Clark*, 9 Iowa, 25: "He must show that he has used diligence to ascertain whether any such testimony was in existence, or that his diligence in this respect would have been unavailing." In *Lisher v. Pratt*, 9 Iowa, 59, it is said: "He must show that he not only did not know of it (the newly discovered evidence) before the trial, but that he would have been in the same ignorance by the use of due diligence." In *Cahalan v. Cahalan*, 82 Iowa, 420, 48 N. W. Rep. 724, one of the grounds for a new trial was newly discovered evidence consisting of admissions of the defendant. It was said: "The affidavits of Powers and Edward Lovell show that they reside in Clermont township, where the defendant resides, and that they have known him for twenty years. The appellant does not claim to have spoken with them in regard to their knowledge before the trial, and no reason is given for his failure to do so." The case of *Eckel v. Walker*, 48 Iowa, 227, is more like that at bar than any other decided by this court. In that case the evidence, as in this, consisted of admissions made by one of the parties. These admissions were made to three different persons. It appeared that two of these persons did not communicate the admission to any one until after the trial, and that the other was absent from the state when the suit was brought, and until after the trial. The court said: "It does not appear

that any diligence upon the part of the defendants would have discovered this evidence. They had no reason to believe that plaintiff made any such admissions to these witnesses, and it can not be claimed that diligence requires that the defendants should have made particular inquiry of all persons within the range of plaintiff's acquaintance, to ascertain what, if any, conversations they might have had with plaintiff upon the subject-matter of the suit." This language is peculiarly applicable to the case at bar. If, as we think, it is shown that defendant had no reason to suppose that Gallup was possessed of any information material to this suit, he is not chargeable with a lack of diligence in not seeking him out and ascertaining whether or not he was possessed of such information. Reasonable diligence did not require defendant to interview every man he knew to be an acquaintance of plaintiff's, regardless of knowledge or information indicating to him that such persons were or might be possessed of facts material to the controversy. There being nothing in the situation or surroundings to cause even a suspicion in the mind of anyone that Gallup was or might be posessed of facts essential to defendant's case, defendant, in the exercise of due diligence, was not called upon to seek him out in a distant city, and ask him about a matter which he had no reason to think Gallup had any knowledge of. It may be that in some of the earlier cases language is used which is not in entire harmony with our conclusion, but we think the rule of those cases as to what due diligence is, is somewhat modified by the later cases. See, also, *Murray v. Weber*, 92 Iowa, *post*, 60 N. W. Rep. 492. However that may be, the law does not require the doing of unreasonable things, and we think the showing of diligence in this case was sufficient, and a new trial should have been granted. On the evidence as it was, the findings of the referee which were approved by the court, were warranted.

In view of the manner in which we have disposed of the amended assignment of errors, we need not pass upon the motion to strike them. Having been filed out of time, they necessitated further argument on the part of appellee, which was made. We think, therefore, that the costs up to the time of filing the amended assignment should be taxed to appellant, which is ordered done. For the error in not granting a new trial on the ground of newly discovered evidence the case must be REVERSED.