J. S. TATHWELL v. THE CITY OF CEDAR RAPIDS, Appellant.

**Evidence:** CONTRADICTION. Testimony of plaintiff's witnesses directed to fixing the time of a transaction relied on by defendant's witnesses in fixing the time of their examination of a culvert where plaintiff received his injury having been received, defendant should have been allowed to call witnesses to contradict it.

REFUSAL TO HEAR WITNESSES: *Subsequent presentation of witnesses needless.* After the court has ruled that it will not hear defendant's witnesses, defendant is not bound to thereafter present each of them before the court.

REBUTTAL. Testimony of plaintiff's witness, directed to fixing the time of a transaction relied on by defendant's witnesses in fixing the time of their examination of the culvert where plaintiff received his injury, is properly admitted on rebuttal.

Instructions: PLEADINGS: *Concessions of plaintiff.* It being conceded by plaintiff on the trial that no claim is made of faulty construction of the culvert where his injury occurred, the court, in stating the issues for the jury, should not recite the allegations of the petition as to such faulty construction.

Assignment of Errors: RESORT TO ARGUMENT. The court will not resort to the arguments to learn the specific error assigned.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

WEDNESDAY, MAY 22, 1901.

ACTION to recover damages for personal injuries received on one of the defendant's streets. Trial to jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*J. N. Hughes* for appellant.

*C. D. Harrison* and *Rickel & Crocker* for appellee.

SHERWIN, J.—The original assignments of error to the instructions given by the court are so indefinite that we cannot consider them. These instructions are not numbered, the pages of the abstract upon which they may be found are not given, nor is the language of the instructions to which objection is made set out. We have repeatedly held that the court will not resort to the arguments to learn the specific error assigned. *Smola v. McCaffrey*, 83 Iowa, 760; *Feister v. Kent*, 92 Iowa, 1.

In an amended assignment of errors filed after the appellee's argument was filed, error in stating the issues to the

jury is sufficiently assigned, as is also the error alleged in the admission of the testimony of J. J. Snouffer on rebuttal, and the refusal of the court to allow the defendant to call witnesses to contradict the testimony given by said witness. The petition alleged the negligent construction of the culvert where plaintiff's injury occurred. On the trial it was expressly conceded that plaintiff made no claim of that kind, and there was no evidence on the subject. The court, however, in stating the issues for the determination of the jury, recited the allegations of the petition as to the faulty construction of the culvert. This should not have been done. It is possible that it was not prejudicial error, in view of the statements of the plaintiff's counsel in the presence of the jury that nothing was claimed thereon; but jurors are much more likely to take the court's instruction for their guidance than the statements of counsel, and matters which are not in issue should be carefully excluded from their consideration.

The evidence without contradiction, showed that the city had no actual knowledge of a defect in the street at the place in question, and an instruction was asked by the defendant covering this phase of the case. The evidence as to the condition of the culvert right up to the time of the accident was squarely contradictory and in sharp and irreconcilable conflict, and we think the defendant was entitled to the instruction asked.

Complaint is made of the admission of the testimony of the witness Snouffer in rebuttal, but, we think, without cause. It was evidently directed to fixing the time of a certain transaction relied upon by the defendant's witnesses in fixing the time of their examination of the culvert in question, and was competent for that purpose. But there was prejudicial error in not permitting the defendant to call witnesses to contradict this testimony. There is nothing to indicate that they were not present at the time, nor is there any indication that the court's action was

based upon any negligence or want of good faith on the part of the defendant. It was clearly the right of the defendant to call these witnesses and take their testimony, and it was not bound to present each one before the court after the court had ruled that it would not hear them.

What we have already said sufficiently covers the failure to give the third instruction asked by the defendant, so far at it relates to the original construction of the culvert. The other questions involved therein were covered by the instructions given. For the errors pointed out, the judgment is reversed.—REVERSED.