KOSSUTH COUNTY STATE BANK,' Appellee, v. MATTHEW RICHARDSON AND ELLEN RICHARDSON, Appellants.

Practice: EXCEPTIONS TO FINDINGS: SUFFICIENCY. The exceptions 1 to a finding that it is not within the pleadings; that it is not supported by competent evidence; and that it is based upon an exhibit which is inadmissible, are sufficiently specific and definite.

Evidence: BOOKS OF ACCOUNT: FOUNDATION. Books of account are 2 not admissible in evidence where it is not shown that they were made in the ordinary course of business, that the items appearing therein were entered at or about the time of the transaction, and are not verified by the person making the entries; and for the same reasons a certified copy thereof is inadmissible under a stipulation waiving simply the objection that it is secondary.

**Appeal:** DENIAL OF ABSTRACT: SUFFICIENCY. Every denial of an abstract must point out as specifically as the case will permit the defects alleged to exist, otherwise it will be presumed to contain the record sufficiently complete to authorize a trial *de novo.*

*Appeal from Kossuth District Court.*— HON. A. D. BAILIE, Judge.

FRIDAY, APRIL 6, 1906.

·REHEARING DENIED, WEDNESDAY, NOVEMBER 21, 1906.

THIS action was begun November 14, 1895, to recover judgment on a note of $500 executed by both defendants to one Robbins, and assigned to the plaintiff. Another action was commenced on the same day to recover judgment on a note of $600 executed by the defendants to one Graves and assigned to plaintiff. In each the foreclosure of a mortgage on the same quarter section of land, securing the payment of the respective notes was demanded. In 1900 plaintiff's motion to consolidate these actions was sustained, and an amended and substituted petition filed setting up the same causes of action in counts 1 and 2, and in count 3 asking judgment on a note of $3,000, executed by M. Richardson alone, on April 30, 1894, and a decree foreclosing another mortgage on the same land. The substituted answer admitted the execution of the several notes and, by way of counterclaim, alleged that a large number of promissory notes belonging to Matthew Richardson had been delivered to the plaintiff as collateral security, and that plaintiff had failed to account therefor, and prayed for judgment in the sum of $10,000. The reply admitted the receipt of these notes, and averred that those not collected and credited to defendant had been returned to him or turned over to collectors at his instance and request. The plaintiff also pleaded a settlement at the time the note of $3,000 was executed, and that the counterclaim was barred by the statute of limitations.

The cause was referred to J. C. Raymond, Esq., to report on the law and the fact. He reported to the court August 13, 1903. The first three and the last two findings of his report related to the recovery on the causes of action stated in the petition; the fourth was that there had been a complete settlement of all matters between plaintiff and Matthew Richardson on the 30th day of April, 1894; the fifth, that at that time plaintiff had accounted and returned to Richardson all notes then held as collateral security or otherwise; sixth, that a number of the notes had been delivered to different persons for collection at defendant's request; seventh, that Richardson had assumed control of the notes so delivered and sometimes received the proceeds thereof; eighth, that all notes had been accounted for; ninth, that the proceeds of notes delivered to collectors had been accounted for; tenth, that plaintiff had paid in taxes on the land mortgaged $111.97; eleventh, " that since the date of said settlement, to wit, on or about the 30th day of April, 1894, there was a running account between plaintiff and defendant Richardson up to October 30, 1898, and there is due said Richardson on said account $218.32, as shown by Plaintiff's Exhibit 75."

As conclusions of law, the referee recommended that judgment be entered for the amount due on several notes executed by defendants and taxes paid, and that the defendant be allowed $218.32, with interest thereon from October 30, 1898, on the counterclaim. On September 14, 1903, the defendants filed exceptions to each of the findings of the referee from the fourth to the tenth inclusive, on the ground generally that each one was not in accordance with the evidence. To the eleventh finding the defendants also excepted, as will more fully appear in the opinion. Exception was also taken to the findings of law because of the alleged inaccuracy of the findings of fact, and defendants moved that on the grounds stated in the exceptions, that the referee's report be set aside, and further, that the cause

be set down for trial before the court on the evidence taken without reference to the findings of the referee, and that the defendant be allowed judgment on his counterclaim in the sum of $8,512.11. The court held that the fifth, eighth, and ninth findings were not sustained by the evidence, and overruled the exceptions to all others. Items to amount of $1,698.69 were allowed on the counterclaim, with interest, and deducted from the amount due on defendants' notes, and judgment and decree entered against both defendants for the difference. The defendants appeal.— *Reversed.*

*Sullivan & McMahon* and *E. V. Swetting,* for appellants.

*Frederick M. Curtiss,* for appellee.

LADD, J.— The issues heard by the referee were raised on the counterclaim in which the defendants alleged that a great number of promissory notes belonging to Matthew Richardson had been deposited with the plaintiff bank as collateral security, and that many of them had not, nor the proceeds thereof, been accounted for. The bank admitted the receipt of the notes, and undertook to account for them by showing the collection of some, the delivery of others to collectors at defendant's instance, and the return of the remainder. The referee, in his findings of fact, reported that the bank had accounted fully, but the district court, in passing upon the exceptions to the referee's findings of fact, concluded that the accounts collected on fourteen notes had not been credited to defendant, and that six notes had not been accounted for in any way, and held that " unless said items with interest thereon are allowed by the plaintiff as an offset to the amount due on the notes sued upon by the plaintiff in the decree to be entered herein, then this matter will be resubmitted to the referee." The items were allowed and decree taken accordingly. The record, though volu-

minous, has been examined with that care which the impor-
tance of the cause demands.   It would be impracticable for
us to discuss the evidence in detail within the limits of an
ordinary opinion, even though we were so inclined.   It will
suffice to say that though the accounting for the notes was
not as satisfactory as it might have been, we are content with
the conclusions of the district court.

The contention that the payment of the taxes on the
mortgaged property was not by the bank is without merit.
This disposes of all of the exceptions save that to the eleventh

1. PRACTICE:
exceptions to
findings:
sufficiency.

finding, which was that since " on or about
the 30th day of April, 1894, there was a run-
ning account between the plaintiff and de-
fendant, Richardson, up to October 30, 1898, and there is
due said Richardson on said account $213.82, as shown by
Plaintiff's Exhibit 75."   Appellee contends that the excep-
tion to this finding is not sufficiently specific and relies on
*Sage v. Nichols,* 51 Iowa, 44, and *Bolton v. Kitsman,* 80
Iowa, 343.   In the former the court held an exception that a
report was contrary to law was too general and indefinite; in
the latter, that an objection to a report generally is not suffi-
cient.   The exception should point out wherein it is claimed
the report is erroneous.   As said in *Feister v. Kent,* 92
Iowa, 1, " it is due to trial courts that their attention should
be directly called to any alleged errors that they may have
committed to the end that they may correct the error, if
any, but such duty is not discharged by imposing upon the
court the necessity of taking counsel's place and searching
the entire record for the discovery of supposed errors."   The
exception in this case directed the court's· attention to the
particular error of which complaint was made in the follow-
ing language:   " Because there is no pleading in this case
on which said [finding of] fact, if it were a fact, could be
proven, and because said fact is irrelevant to any issue in
said cause, and no competent evidence whatever was offered
to show such fact.   Said defendants further object to such

finding of fact because it shows it ·is based upon Exhibit 75, which is a copy of that portion of plaintiff's ledger which purports to contain a statement of its account with defendant, Matthew Richardson, and because said exhibit was offered in evidence over the objection of defendant, that it was incompetent, irrelevant, not fully proven, and not the best evidence, and for that reason it is not in evidence and cannot be considered as evidence in the case."

This clearly points out three objections to the finding: (1) That it is not within the pleadings;- (2) that it is unsupported by competent evidence; (3) that it is based upon Exhibit 75, which was inadmissible in evidence. The objection could not well have been more specific without including the evidence in the case, and we think it sufficient to raise the question as to whether said exhibit was the only evidence showing that the bank had accounted for the moneys collected during the period stated, whether it was properly received in evidence, and whether it was within the issues to be determined. On the last point no doubt can be entertained. To hold that the reply did not allege a full accounting after April 30, 1894, would be giving it entirely too narrow a construction.

By stipulation and the note register of the bank it was made to appear that the bank had received on the notes held as collateral security, between April 30, 1894, and October 30, 1898, the sum of $4,661.84.

2. EVIDENCE: books of account: foundation. The only evidence introduced ·tending to account therefor was Exhibit 75, being a copy of the plaintiff's ledger. The assistant cashier of the bank testified that this exhibit was a true and correct copy of Richardson's account between the dates named, as it appeared in the ledger and journal of the bank, and that both of these were books " of original entries." The exhibit was then offered in evidence and objected to as " irrelevant, incompetent, not sufficiently proven and not the best evidence." The parties then agreed that " Exhibit 75 is a true and cor-

rect copy of plaintiff's journal and ledger, and that the same be used as evidence in this case in lieu of said journal and ledger, and the objections that the same is secondary is waived, but is subject to all other legal objections, except the same is not sufficiently proven, said exhibit being a copy of Matthew Richardson's account as same appears on plaintiff's journal and ledger, and this agreement is made in order to save the expense and time of producing the original books."

The exhibit was again offered in evidence and the same objection interposed. It will be observed that the only effect of the agreement is to waive the objection that the copy is not the best evidence, and to substitute the copy in lieu of the books. The objection to its competency remains, and we think should have been sustained. While the books were shown to be books of original entry, they were not proven to have been made in the ordinary course of business, nor was it shown that the charges were made at or near the time of the transactions therein entered, nor satisfactory reasons given for not making such proof, nor were the charges verified by the party or clerk who made the entries to the effect that they believed them just and true, nor was any reason given for omitting so to do. All this is exacted by section 4623 of the Code before books of account are admissible in evidence. Such books are received in evidence upon the ground of necessity, and because ordinary means of establishing numerous items are often wanting. *Karr v. Stivers,* 34 Iowa, 123; *Christman v. Pearson,* 100 Iowa, 634. Before being received in evidence the proper foundation must be laid. *Frick v. Kabaker,* 116 Iowa, 494. The appellee suggests, in order to obviate this objection, that the defendants have treated the exhibit as in evidence. There is nothing in the record so indicating. True, it is set out in the abstract, but this was essential in order to bring the question of its admissibility before the court. If it was referred to by the defendants for data, the fact is not disclosed

by the record.   No foundation for the introduction of the books was proven, and therefore, a copy of them to which the objection as secondary evidence alone was waived, was not admissible and should not have been considered by the referee or trial court.   Without it there was no account made for the moneys collected after April 30, 1894.   For this reason the exception to the eleventh finding of the referee should have been sustained.

The appellee denies that the abstract, with amendments and additions thereto contains all of the evidence offered, introduced, read or received upon the trial, and contends

3. APPEAL: denial of abstract: sufficiency.

that because of this denial the cause cannot be heard *de novo*.   The denial is too general. Section 22 of the rules of this court requires that " every denial shall point out as specifically as the case will permit, the defects alleged to exist in the abstract."   In the absence of such a denial, the abstract, with amendments and additions, is presumed to contain the record with sufficient completeness to enable the court to pass upon every question raised.   *McGillivary Bros. v. Case,* 107 Iowa, 17; *Palmer v. Clark,* 114 Iowa, 558.

Judgment was rendered against both defendants on all three of the notes sued on.   That for $3,000 was not signed by the defendant Ellen Richardson, and entering judgment against her thereon was erroneous.   The motion to strike appellant's reply is sustained.   Because of the errors pointed out the decree is reversed, and the cause remanded to the district court for proceedings not inconsistent with this opinion.— *Reversed.*